UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MARINE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13CV98 CDP |
| | ) | |
| H.WAYNE RICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Marine Bank alleges that it made several loans to a commercial entity called Bartlow Brothers, Inc., and that the individual defendants – H. Wayne Rice, Mark Reynolds, Daniel Reynolds, and Robert Black – personally guaranteed the loans. Bartlow Brothers allegedly defaulted on the loans, and the individual defendants did not repay the sums owed, so Marine Bank brings a suit on guaranty against each of the four defendants. Two of the individual defendants, Rice and Black, have moved for dismissal or stay under the *Colorado River* abstention doctrine.[1] Because this action and the underlying Illinois state-court action are not parallel, I will deny the motion.

---

[1] The Clerk of Court has entered default against the other two defendants, Mark Reynolds and Daniel Reynolds.

## I. Procedural History

On July 13, 2011, Marine Bank sued Bartlow Brothers and the four individual defendants, along with others, in the Circuit Court for Schuyler County, Illinois.[2] Marine Bank apparently amended its complaint twice. On February 2, 2012, it filed its second amended complaint, which remains operative. In that amended complaint, Marine Bank sought foreclosure on two mortgages securing the loans it had made to Bartlow Brothers and a "personal judgment for a deficiency" against the individual defendants, among other things. It attached to the complaint the personal guaranties made by the individual defendants.

On November 5, 2012, Marine Bank received from the court a judgment of foreclosure on two out of the three mortgaged parcels, as well as a judgment against Bartlow Brothers for any deficiency. After the property was sold at auction, the Illinois circuit court confirmed the sale and found the deficiency owed by Bartlow Brothers to be approximately $900,000. The judgments did not mention the individual guarantors.

The case lay dormant for nearly six months. Then another defendant, Rushville State Bank, sought to file a counterclaim and foreclose on the remaining

---

[2] Some of these procedural facts come from the docket for the state-court case, of which I have taken judicial notice. There appears to be no dispute over the procedural history of the state-court case.

parcel subject to a mortgage it held.  The individual defendants objected, arguing that a final judgment had already been entered and the court had been divested of jurisdiction.  Marine Bank filed a brief in support of Rushville State Bank's motion, arguing that the judgment had not been final.  As such, said Marine Bank, the court retained jurisdiction over both the remaining parcel and "the debt that the Bartlow Defendants continue to owe to Marine Bank" notwithstanding the foreclosure sale.  On September 14, 2013, the court granted Rushville's motion, holding that it still had "jurisdiction of the subject matter and the parties hereto." (Defs.' Ex. 7, Doc. 24-10, p. 2.)  The court found that the parties had understood that the remaining parcel "would still have to be dealt with in this proceeding" and "that the matter was not complete and the Court has continuing jurisdiction."  (*Id.*)  The court did not explicitly mention the individual guarantors or their alleged debt.

Two weeks later, Marine Bank filed suit in this court against the individual guarantors, bringing four counts of suit on guaranty, one against each defendant.  Because Marine Bank is a citizen of Illinois and the defendants are citizens of Missouri, and the amount in controversy is more than $75,000, exclusive of interest and costs, this court has diversity jurisdiction over the action.  Two of the guarantors, Rice and Black, now argue that this action and the Illinois state-court

action are parallel, and that I should abstain from exercising my jurisdiction based on the *Colorado River* doctrine.

## II. Discussion

In *Colorado River Water Conversation District v. United States*, 424 U.S. 800, 813 (1976), the Supreme Court stressed that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," even when there is a pending state court action on the same subject matter. Nonetheless, a court may abstain under *Colorado River* from exercising jurisdiction if (1) "parallel state and federal actions exist" and (2) "exceptional circumstances warrant abstention." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (quoting *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009)).

In order for proceedings to be parallel, "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will full dispose of the claims presented in federal court." *Id.* A court compares the "sources of law, required evidentiary showings, measures of damages, and treatment on appeal" when determining whether two proceedings are parallel. *Id.* If there is any doubt about the parallel nature of the proceedings, the court should not abstain. *Id.*

In this case, it is doubtful that the proceedings are parallel. Although they involve the same parties – Marine Bank and the individual guarantors – I cannot conclude that there is a "substantial likelihood" that the state case will dispose of Marine Bank's claims against the guarantors. Under Illinois state law, a "personal judgment under a guaranty cannot be obtained in an action based on the statutory short form foreclosure complaint" provided under the Illinois Mortgage and Foreclosure Act. *Emerson v. LaSalle Nat. Bank*, 352 N.E.2d 45, 50 (Ill. Ct. App. 1976). Here, Marine Bank used the short form foreclosure complaint provided in the Act, which is now codified at 735 Ill. Comp. Stat. 5/15-1504 (2013).[3]

Peculiarly, although the short form complaint permits a plaintiff to name defendants who are personally liable for any deficiency, that plaintiff nonetheless cannot get a deficiency decree against a guarantor or surety if it uses the short-form foreclosure complaint. This is because the Act was merely intended as a "procedural amendment" that did not "change the law in existence at the time the amendment was adopted." *Chicago v. Chatham Bank of Chicago*, 203 N.E.2d 788, 793 (Ill. Ct. App. 1964). That longstanding law forbid deficiency judgments against sureties in actions instituted solely for foreclosure. *See Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.*, 266 N.E.2d 520, 522 (Ill. Ct. App.

---

[3] In addition to two claims for foreclosure (one on each of the mortgages it sought to foreclose), Marine Bank added a claim seeking judicial sale of business personal property.

1972) (where, in a foreclosure action, trial court refused to enter order finding individual sureties liable for deficiency, plaintiff-mortgagee could institute a second action against sureties since deficiency judgment against surety was not permitted in first action); *Hickey v. Union Nat. Bank & Trust Co. of Joliet*, 547 N.E.2d 4, 7 (Ill. Ct. App. 1989) (where complaint did not include a separate count seeking judgment on a guaranty, "there remains a consistent rule that in a foreclosure suit a deficiency judgment cannot be entered against the guarantor of a note secured by a trust deed").

If the individual defendant-guarantors in this case were also the mortgagors, a different result might be warranted. *See Farmer City State Bank v. Champaign Nat. Bank.*, 486 N.E.2d 301, 305 (Ill. Ct. App. 1985). But they did not execute either the promissory note or the mortgage in this case; rather, Bartlow Brothers did. It appears that the only way the individual defendants might be personally liable for the deficiency is through their guaranties. Because it is doubtful that a deficiency judgment against a guarantor can be issued in the underlying state-court action, I cannot conclude that the actions are parallel. *See Wells Fargo Bank, Nat'l Ass'n v. Leafs Hockey Club, Inc.*, No. 13CV2247, 2013 WL 5433789, at *3–4 (N.D. Ill. Sept. 30, 2013) (denying motion to abstain under *Colorado River* in suit on guaranty, where state-court action was brought under Illinois foreclosure law);

*Bank of America, N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 41 (D. Mass. 2011) (same under New York law, and collecting cases).

The individual guarantor-defendants rely on *Nabholz Constr. Corp. v. Beck*, 699 F. Supp. 2d 1101, 1106 (E.D. Mo. 2010), for their contention that the state and federal proceedings are parallel. In *Nabholz*, both actions presented the same issue: whether the defendants' guaranties were enforceable. Under *Mortgage Syndicate*, 266 N.E.2d at 522, and other Illinois precedent, there is substantial doubt whether the state-court action in this case could determine the effect of the guaranties.

### III. Conclusion

Because the state and federal court proceedings are not parallel, I need not examine whether there are exceptional circumstances warranting abstention under *Colorado River*.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss case or stay proceedings [#23] is denied. This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2014.