**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARINE BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-CV-98 |
| | ) | |
| **H. WAYNE RICE, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MARINE BANK'S**
**MOTION FOR SUMMARY JUDGMENT AND FINAL DEFAULT JUDGMENT**

This action seeks to enforce the personal guaranties made by Defendants Wayne Rice ("W. Rice"), Mark Reynolds ("M. Reynolds"), Daniel Reynolds ("D. Reynolds"), and Robert Black ("R. Black") (collectively, the "Defendants") to repay the debt incurred by Bartlow Brothers, Inc. ("Bartlow Brothers").   After the Defendants induced Plaintiff Marine Bank to make two substantial loans to Bartlow Brothers, Bartlow Brothers failed to make the required payments.   Defendants then breached their personal guaranties to Marine Bank by failing to pay the outstanding balance.

Due to Defendants failure to uphold their personal guaranties, Marine Bank is entitled to summary judgment in the amount of $876,174.91, plus accrued interest, against W. Rice and R. Black, and final default judgment in the amount of $876,174.91, plus accrued interest, against R. Reynolds and D. Reynolds.[1]   Marine Bank also has a contractual right to recover the attorneys' fees and costs associated with enforcing its rights in this action against all Defendants.

---

[1] This Court entered an entry of default on January 29, 2014 because M. Reynolds and D. Reynolds ("Default Defendants") failed to file responsive pleadings.  *See* Dkt. E. 20.

For these reasons, and as discussed more fully below, Marine Bank respectfully requests the Court enter summary judgment in favor of Marine Bank and against W. Rice and R. Black, and enter final default judgment in favor of Marine Bank and against R. Reynolds and D. Reynolds.

## UNCONTROVERTED STATEMENT OF FACTS

As required by Federal Rule of Civil Procedure 56 and Local Rule 7-4.01(E), Marine Bank contemporaneously submits a separate statement of uncontroverted material facts and accompanying Exhibits.   For the Court's convenience, Marine Bank summarizes the salient uncontroverted facts in this memorandum.

The facts of this case are simple and undisputed.   Marine Bank made two loans to Bartlow Brothers through the United States Small Business Administration's ("SBA") loan guarantee program.   SOF, at ¶ 1.   Bartlow Brothers agreed to repay these loans by signing and executing two promissory notes.   SOF, at ¶¶ 2, 4.   The first promissory note, dated December 19, 2000, is made payable to Marine Bank in the original principal amount of $1,000,000 ("Note 1"). SOF, at ¶ 2.   The second promissory note, dated March 13, 2008, is made payable to Marine Bank in the original principal amount of $175,000 ("Note 2", and collectively with Note 1, the "Notes").[2]  SOF, at ¶ 4.

Note 1 was secured by a junior mortgage executed by Bartlow Brothers in favor of Marine Bank on real property commonly known as South Liberty Street, Rushville, Illinois and business personal property (collectively, the "Foreclosed Property") dated December 19, 2000 ("Mortgage 1").  SOF, at ¶ 6.

---

[2] Note 1 is subject to a fluctuating rate of interest at the initial rate of 10.5% per annum on the unpaid principal from December 19, 2000 until paid in full.  SOF, at ¶ 2.  In February 2013, the interest rate became fixed at 9.0%.  SOF, at ¶ 3.  Note 2 is subject to an adjustable rate of interest at the initial rate of 7.0% per annum on the unpaid principal from March 13, 2008 until paid in full.  SOF, at ¶ 4.  In April 2010, the interest rate became fixed at 6.5%.  SOF, at ¶ 5.

To induce Marine Bank to make the SBA loans to Bartlow Brothers, Defendants each executed personal and Unconditional Guaranties on both December 19, 2000 ("Guaranty Group 1") and March 13, 2008 ("Guaranty Group 2" together with Guaranty Group 1, the "Guaranties").[3]  SOF, at ¶¶ 7-8.  The Guaranties provide:

> **GUARANTEE:**  Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note.  This Guarantee remains in effect until the Note is paid in full.  Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor.  Lender is not required to seek payment from any other source before demanding payment from Guarantor.

SOF, at ¶ 9.   Furthermore, the Guaranties state "[a]ll individuals and entities signing as Guarantor are jointly and severally liable."  SOF, at ¶ 9.

Bartlow Brothers defaulted on the Notes by, among other things, failing to tender to Marine Bank the required payments as they became due and payable.  SOF, at ¶ 10.  The last regular loan payments on the Notes were made to Marine Bank by Bartlow Brothers on or about February 23, 2011.  SOF, at ¶ 11.  After default on the Notes by Bartlow Brothers, Marine Bank exercised its right to declare all obligations under the Notes due and payable in full.  SOF, at ¶ 12.

On July 13, 2011, Marine Bank filed a foreclosure lawsuit in the Circuit Court of Schuyler County, Illinois, captioned *Marine Bank v. Bartlow Brothers, Inc. et al.,* Case No. 2011-CH-10 (the "Foreclosure Lawsuit").[4]  SOF, at ¶ 13.  In the Foreclosure Lawsuit, Marine Bank sought to foreclose Mortgage 1.  SOF, at ¶ 13.  Marine Bank also requested the entry of a

---

[3] Marine Bank also relied on the Unconditional Guaranties of James Foster ("J. Foster").  J. Foster, however, passed away in 2012 and is not a party to this action.  SOF, at ¶¶ 7-8.

[4] This Court may take judicial notice of the pleadings, orders and judgment in the Foreclosure Lawsuit because they are public record.  *See Brodie v. Novartis Pharmaceuticals Corp.*, Case No. 4:10-cv-138, 2011 WL 1559763, fn. 2 (E.D. Mo., Apr. 25, 2011) (court can take judicial notice of facts set forth in a court's order regarding a related lawsuit); *Challenger v. Powerboats, Inc. v. Evans*, Case No. 4:07-cv-85, 2007 WL 2885346, *2 (E.D. Mo., Sep. 27, 2007) ("It is well-established that a district court may take judicial notice of public records such as judicial rulings.").

deficiency judgment against Bartlow Brothers.  SOF, at ¶ 13.  On November 5, 2012, the Circuit Court of Schuyler County issued a judgment of foreclosure ("Judgment of Foreclosure") in favor of Marine Bank, including a deficiency judgment against Bartlow Brothers for any amount not recovered by the sale of the Foreclosed Property.  SOF, at ¶ 14.  In the Judgment of Foreclosure, the court found that Marine Bank was entitled to $751,548.63 for Note 1 at that time.  SOF, at ¶ 15.  On February 5, 2013, the Circuit Court of Schuyler County confirmed the sale of Foreclosed Property and entered a deficiency judgment against Bartlow Brothers and in favor of Marine Bank in the amount of $766,559.01 for Note 1.  SOF, at ¶ 16.

As of January 15, 2015, and after application of all credits,[5] Bartlow Brothers is indebted to Marine Bank in the amount of $675,764.12 for Note 1 and $200,410.79 for Note 2.[6]  SOF, at ¶¶ 20-21.

## LEGAL STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  Once the moving party has met that burden, the nonmoving party may not rest on the allegations in the pleadings, but must, by affidavit or other evidence, set forth facts showing that a genuine issue of material fact exists.  FED. R. CIV. P. 56; *Lower Brule Sioux Tribe v. South Dakota,* 104 F.3d 1017, 1021 (8th Cir. 1997).  A material fact is a fact that is "outcome determinative under prevailing law."  *Lower Brule*, 104 F.3d at 1021.

---

[5] Although not required to do so under Illinois foreclosure law, Marine Bank decided to give Bartlow Brothers credit for all the income or resale credits acquired from the sale of the Foreclosed Property to reduce Bartlow Brothers' indebtedness on Note 1 to Marine Bank.

[6] 17.      On April 2, 2014, the SBA paid $77,535.61 to Marine Bank on Note 2.  SOF, at ¶ 17.  On August 12, 2014, the SBA paid $410,207.93 to Marine Bank on Note 1.  SOF, at ¶ 18.  These SBA payments are made to Marine Bank for its benefit and are not credits to the Defendants.  SOF, at ¶ 19.  These payments do not in any way reduce the amount owed on Note 1 and Note 2 by the Defendants.  *Id.*  The SBA is entitled to recover the amounts it paid to Marine Bank out of the total amount recovered from the Defendants on Note 1 and Note 2.  *Id.*

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## ARGUMENT

### I.   Marine Bank Is Entitled To Summary Judgment On Counts I And IV.

The elements of a suit to enforce a guaranty under Illinois law are (1) proof of the original indebtedness, (2) the debtor's default, and (3) proof of the guarantee. *Juzwik v. Juzwik*, 488 N.E.2d 1219, 1322 (Ill. App. Ct. 1986); *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill. App. Ct. 1985). The undisputed facts show that Bartlow Brothers is indebted to Marine Bank on the Notes, that Bartlow Brothers defaulted on the Notes, and that W. Rice and R. Black personally and unconditionally guaranteed repayment of the Notes to Marine Bank in the event of a default by Bartlow Brothers. Accordingly, Marine Bank is entitled to summary judgment on Counts I and IV.

#### A.   Bartlow Brothers is indebted to Marine Bank.

As set forth above, Bartlow Brothers executed the Notes in the amount of $1,000,000 and $175,000 payable to Marine Bank. SOF, at ¶¶ 2, 4. Bartlow Brothers defaulted on the Notes and Marine Bank exercised its right to declare all obligations due and payable in full. SOF, at ¶ 12. On February 5, 2013, the Circuit Court of Schuyler County, Illinois confirmed the sale of the Foreclosed Property, and found Bartlow Brothers' deficiency to Marine Bank for $766,559.01 on Note 1. SOF, at ¶ 16. After application of some additional credits, Bartlow Brothers is indebted to Marine Bank on the Notes in the total amount of $876,174.91, plus accrued interest. SOF, at ¶¶ 20-21.

### B.      Bartlow Brothers defaulted on its obligations to repay the Notes.

Bartlow Brothers defaulted on its obligations under the Notes by failing to tender to Marine Bank the required payments as they became due and payable.  SOF, at ¶ 10.  This is confirmed by the Judgment of Foreclosure entered by the Illinois court, which states, "there have been multiple defaults including, but not limited to, the failure to make the required monthly payments since February 23, 2011, and every month thereafter."  SOF, at ¶ 10.

### C.      W. Rice and R. Black guaranteed the Bartlow Brothers' Notes.

To induce Marine Bank to issue the Notes, W. Rice and R. Black both executed personal and Unconditional Guaranties, in which they guaranteed "payment to [Marine Bank] of all amounts owing under the Note[s]," if the Bartlow Brothers failed to perform or make payment. SOF, at ¶¶ 7-9.  W. Rice and R. Black do not dispute these facts.  Indeed, W. Rice and R. Black admit that they guaranteed the Notes and that as Guarantors they are "jointly and severally liable" for the amounts owed by Bartlow Brothers to Marine Bank under the Guaranties.  SOF, at ¶ 9.

### D.  Marine Bank has been damaged for $876,174.91, plus accrued interest, for W. Rice and R. Black's failure to repay the Bartlow Brothers' indebtedness.

The original balance of Note 1 was $1,000,000.  SOF, at ¶ 2.  The original balance of Note 2 was $175,000.  SOF, at ¶ 4.  In the Judgment of Foreclosure, the Circuit Court of Schuyler County, Illinois found that Bartlow Brothers owed Marine Bank $751,548.63 for Note 1 at that time.  SOF, at ¶ 15.  The Foreclosed Property was then sold resulting in a deficiency of $766,559.01 for Note 1.  SOF, at ¶ 16.  As of January 15, 2015, and after application of certain credits, Bartlow Brothers is indebted to Marine Bank in the amount of $675,764.12 for Note 1, with interest accruing from and after January 15, 2015, at a rate of $51.14 per day, and

$200,410.79 for Note 2, with interest accruing from and after January 15, 2015, at a rate of $27.10 per day.  SOF, at ¶¶ 20-21.

> E.      **Marine Bank is entitled to attorneys' fees, costs, and expenses**.

In addition to repayment of the outstanding indebtedness, Marine Bank is entitled to an award of attorneys' fees, costs, and expenses incurred in connection with enforcing the Guaranties.  The Guaranties state:

> **ENFORCEMENT EXPENSES.**  Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorneys' fees and costs.

SOF, at ¶ 9.  Based on this provision, any judgment should include an award of attorneys' fees, costs, and expenses incurred by Marine Bank in connection with this action.[7]

## II.    Marine Bank Is Entitled To Final Default Judgment on Counts II and III.

Marine Bank filed this lawsuit on October 1, 2013.  *See* Dkt. E. 1.  Both M. Reynolds and D. Reynolds were served by special process server on December 18, 2013.  *See* Dkt. E. 10, 12. Neither defendant filed a responsive pleading, and thus on January 28, 2014, Marine Bank filed a Motion for the Entry of Clerk's Default, pursuant to FED. R. CIV. PRO. 55(a).  *See* Dkt. E. 15. The Clerk granted Marine Bank's Motion for Entry of Clerk's Default on January 29, 2014.  *See* Dkt. E. 20.   Nearly one year has passed since entry of the Clerk's Default, and neither M. Reynolds nor D. Reynolds has filed any pleading, nor have they moved this Court to set aside that entry of default.

Once the clerk has made an entry of default, default judgment may be obtained by application to the Court upon the failure of any party to plead or otherwise defend as provided by the Rules.  *See* FED. R. CIV. P. 55(b).  After entry of default by the Clerk, the Court has discretion

---

[7] Marine Bank will submit a Motion for Attorneys' Fees within fourteen (14) days of entry of judgment in its favor as required by Federal Rule of Civil Procedure 54(d)(2).

to enter a default judgment if it is satisfied based on the evidence that "the unchallenged facts constitute a legitimate cause of action" (*Acuity Ins. Co. v. Jones*, Case No. 4:11-CV-2041 AGF, 2013 WL 1192764, at *1 (E.D. Mo., Mar. 22, 2013), and that the moving party "is lawfully entitled to recover" the damages it seeks.  *Sundance Rehab. Corp. v. Parsons*, Case No. 4:08-CV-1973, 2009 WL 911962, at *1 (E.D. Mo., Mar. 31, 2009); *see also Local 682 Health & Welfare, Trust Fund v. Today's Trucking, Inc.*, Case No. 4:09-CV-1199 CEJ, 2011 WL 4635135 (E.D. Mo., Oct. 4, 2011).  "After default has been entered, the defendant is deemed to have admitted all well pleaded factual allegations in the complaint." *Acuity Ins. Co.*, 2013 WL 1192764, at *1.

Entry of final default judgment under FED. R. CIV. PRO. 55(b) against M. Reynolds and D. Reynolds and in favor of Marine Bank is proper in this case based on the uncontroverted material facts set forth above, which establish all of the requisite elements for Marine Bank's claims to enforce M. Reynolds and D. Reynolds Guaranties in Counts II and III.  Accordingly, Marine Bank hereby requests that this Court enter final default judgment against Defendants M. Reynolds and D. Reynolds in the amount of $876,174.91, plus accrued interest, post-judgment interest, attorneys' fees and costs.

**III.**   **Res Judicata Does Not Bar Marine Bank's Claims in This Lawsuit.**

W. Rice and R. Black will likely attempt, as they did in their Motion to Dismiss, to argue that the doctrine of res judicata bars Marine Bank's claims.  The basis of this defense is the assertion that the claims raised by Marine Bank in this lawsuit have been adjudicated to final

judgment in the Foreclosure Lawsuit. This assertion is incorrect and has already been rejected by this Court when it ruled on W. Rice's and R. Black's Motion to Dismiss. *See* Dkt. E. 29.

The application of res judicata in diversity actions is a question of substantive law controlled by state common law. *See Gribben v. Lucky Star Ranch Corp.*, 623 F. Supp. 952, 960 (D.C. Mo. 1985). To invoke res judicata under Illinois law, the moving party must establish: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." *LP XXVI, LLC v. Goldstein*, 811 N.E.2d 286, 288 (Ill. App. Ct. 2004) (reversing a trial court ruling that res judicata bars a suit on a guaranty contract after a judgment of foreclosure is issued).

Here, there is no identical cause of action in the Foreclosure Lawsuit because the Judgment of Foreclosure did not and cannot adjudicate the rights and liabilities of the Defendants under the Guaranties. *See id.* (citing *Citicorp Savings of Illinois v. Ascher*, 554 N.E.2d 409, 412 (Ill. Ct. App. 1990). *See also LSREF2 Nova Investments III, LLC v. Coleman,* Case No. 1-14-0184, 2014 IL App (1st) 140184 (Ill. Ct. App., Dec. 19, 2014) (unpublished)(res judicata does not bar a party from pursuing separate actions to "foreclose on [a] mortgage and to collect on [a] delinquent promissory note"). As the Court previously explained, "[u]nder Illinois state law, a 'personal judgment under a guaranty cannot be obtained in an action based on the statutory short form foreclosure complaint' provided under the Illinois Mortgage and Foreclosure Act." Dkt. E. 29 (citing *Emerson v. LaSalle Nat. Bank*, 352 N.E.2d 45, 50 (Ill. Ct. App. 1976)). This ruling is consistent with long-standing Illinois law forbidding deficiency judgments against sureties in actions instituted solely for foreclosure. *See Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.*, 266 N.E.2d 520, 522 (Ill. Ct. App. 1972); *Hickey v. Union Nat. Bank & Trust Co. of Joliet*, 547 N.E.2d 4, 7 (Ill. Ct. App. 1989).

Simply put, the Foreclosure Lawsuit cannot determine the effects of the Guaranties.  *See Emerson*, 352 N.E.2d at 50.  Moreover, W. Rice and R. Black did not execute the Notes or the Mortgages making it impossible under Illinois law for the Circuit Court of Schuyler County, to enter a deficiency judgment against them.  *See id.*; Dkt. E. 29.  For that reason, the doctrine of res judicata does not apply and cannot bar Marine Bank's claims in this case as a matter of law.[8] [9]

## CONCLUSION

For the foregoing reasons, Plaintiff Marine Bank respectfully requests that this Court enter an order:

1.  granting summary judgment in favor of Marine Bank and against Defendants Wayne Rice and Robert Black on Count I and IV;

2.  entering final default judgment against Defendants Mark Reynolds and Daniel Reynolds on Counts II and III;

3.  finding Defendants Wayne Rice, Robert Black, Mark Reynold and Daniel Reynolds, jointly and severally liable, to Marine Bank in the amount of $876,174.91, plus per diem interest from January 15, 2015, post-judgment interest, attorneys' fees and costs; and

4.  granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By:   /s/ David M. Mangian

---

[8] The res judicata defense is also barred by the specific text of the Guaranties.  SOF, at ¶ 9 (Stating Defendants waive defenses based on any claim that "Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents."); *see also* SOF, at ¶ 9 ("Lender may exercise any of its rights separately or together, as many times as it chooses.  Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.") The res judicata defense is also barred by Paragraph 5 of the Guaranties to the extent that the "SBA is the holder" of the Notes.  SOF, at ¶ 9.

[9] The res judicata defense also fails with regard to Note 2 because Note 2 was not included in the Foreclosure Action.

Mike W. Bartolacci, #35441MO
David M. Mangian, #61728MO
One US Bank Plaza
St. Louis, MO  63101
314-552-6000
314-552-7000 fax
mbartolacci@thompsoncoburn.com
dmangian@thompsoncoburn.com

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that on this 15th day of January, 2015, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system to the following counsel of record:


Christopher M. McHugh
Seigfreid Bingham, PC
2800 Commerce Tower
911 Main Street
Kansas City, MO 64105

*Attorney for Wayne Rice*

Thomas M. Schneider
Jones, Schneider and Stevens, LLC
11 N. 7th Street
Columbia, MO 65201

*Attorney for Robert Black*

           /s/ David M. Mangian