UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARINE BANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 2:13 CV 98 CDP |
| H. WAYNE RICE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

In 2000 and 2008, plaintiff Marine Bank made loans to a commercial entity called Bartlow Brothers, Inc. Bartlow Brothers agreed to repay these loans by signing and executing two promissory notes. Defendants H. Wayne Rice, Mark Reynolds, Daniel Reynolds, and Robert Black each executed guarantees for the notes, agreeing to be jointly and severally liable for all amounts owed. Bartlow Brothers ultimately defaulted on the notes, and Marine Bank seeks to enforce the defendants' guarantee and has moved for summary judgment against. After careful consideration, I conclude that there is no disputed issue of fact that Bartlow Brothers defaulted on the loans and the guarantees are enforceable in this Court.

Marine Bank is entitled to summary judgment against Black and to final default judgment against M. Reynolds and D. Reynolds.[1]

I. **<u>Standards Governing Summary Judgment</u>**

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id*. "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). If the movant does so, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt

---

[1] The Clerk of Court has already entered default against the Reynolds defendants. Marine Bank and defendant Rice have settled, and the claims against Rice have been dismissed; therefore, I will deny as moot Marine Bank's motion as to Rice.

as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

## II. Background

The general facts of this case are undisputed and are as follows. Marine Bank made two loans to Bartlow Brothers through the United States Small Business Administration's loan guarantee program. Bartlow Brothers agreed to repay these loans by executing two promissory notes. The first note, dated December 19, 2000, is made payable to Marine Bank in the original principal amount of $1,000,000. The second note, dated March 13, 2008, is made payable to Marine Bank in the original principal amount of $175,000 (the parties have referred to these as Note 1 and Note 2, respectively).

The defendants each executed an unconditional guarantee for Note 1 on December 19, 2000, and for Note 2 on March 13, 2008. The guarantees state:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

The guarantees also provide that anyone signing as a guarantor is jointly and severally liable. Additionally, Note 1 was secured by a junior mortgage on business personal property and real property located in Rushville, Illinois. The

3

mortgage was executed by Bartlow Brothers in favor of Marine Bank on the same day as Note 1.

Bartlow Brothers ultimately defaulted on both notes by failing to timely make loan payments. The last regular loan payments on the notes were made on or about February 23, 2011. In accordance with the rights granted to it under the notes, after Bartlow Brothers' default, Marine Bank declared all obligations under the notes due and payable in full.

On July 13, 2011, Marine Bank filed a foreclosure lawsuit in Illinois state court, in which it sought, among other things, foreclosure on the mortgage securing Note 1 and a deficiency judgment against Bartlow Brothers. In its second amended complaint, Marine Bank named the defendants in this case as "defendants claimed to be personally liable for deficiency." The complaint also sought entry of a "personal judgment for deficiency." On November 5, 2012, the state court rendered a judgment of foreclosure in favor of Marine Bank, including a deficiency judgment against Bartlow Brothers for any amount not recovered by the sale of the foreclosed property. On February 5, 2013, the court entered an order confirming sale of the foreclosed property and entered a deficiency judgment of $766,599.01 in favor of Marine Bank on Note 1.

As of January 15, 2015, Marine Bank claims Bartlow Brothers is indebted to it in the amount of $675,764.12 for Note 1 with interest accruing at a rate of $51.14

4

per day. As of the same date, Marine Bank claims Bartlow Brothers is indebted to it in the amount of $200,410.79 for Note 2, with interest accruing at a rate of $27.10 per day. The total amount for Note 1 includes legal fees through November 20, 2014, in the amount of $32,159.57. The amounts due are the only facts that defendant Black disputes. As discussed below, I conclude that there are no genuine disputes.

In June 2014 I ruled on a motion to dismiss filed by defendants Rice and Black, in which they moved for dismissal or stay of this case under the *Colorado River* abstention doctrine based on the Illinois state foreclosure case. In my ruling, I held that the abstention doctrine did not apply because this case and the Illinois matter are not parallel. In the Illinois case, Marine Bank used the short form foreclosure complaint provided in the Illinois Mortgage and Foreclosure Act, codified at 735 Ill. Comp. Stat. 5/15-1504 (2013). I noted that although the short form complaint permits a plaintiff to name defendants who are personally liable for any deficiency, which Marine Banks has done, a plaintiff nonetheless cannot get a deficiency decree against a guarantor if it uses the short-form complaint. *See Emerson v. LaSalle Nat. Bank*, 352 N.E.2d 45, 50 (1976).

## III. DISCUSSION

Marine Bank argues that the undisputed facts prove the elements necessary for this court to enforce defendants' guarantees.[2] In response, Black does not dispute the facts supporting enforcement of the guarantees. Rather, first he claims there remains a genuine dispute as to the exact amount of money Marine Bank is entitled to. Next he argues that Marine Bank's claim is barred by res judicata because the same claim was adjudicated to a final judgment in the Illinois state court case. Lastly, Black argues that this matter should be stayed until the conclusion of the Illinois case for purposes of judicial economy and to reduce the burden on defendants.

"To establish a prima facie case for enforcement of a guaranty under Illinois law, the plaintiff must enter proof of the original indebtedness, the debtor's default, and the guarantee." *Fifth Third Bank (Chicago) v. Stocks*, 720 F. Supp. 2d 1008, 1011 (N.D. Ill. 2010) (quoted case omitted); *see also Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V.*, 811 F. Supp. 357, 360 (N.D. Ill. 1993); *Mid-City Indus. Supply Co. v. Horwitz*, 132 Ill. App. 3d 476, 483 (Ill. App. Ct. 1985). The undisputed evidence demonstrates Bartlow Brothers was indebted to Marine Bank as set out in two promissory notes, Bartlow Brothers defaulted on the notes, and the defendants executed enforceable guarantees as to the full amount due under

---

[2] The parties agree that Illinois state law governs Marine Bank's substantive claims.

each note. Marine Bank has established its prima facie case for enforcement of a guarantee; therefore, I will turn to Black's defenses.

## *Staying this Action*

As to Black's argument that this matter should be stayed pending resolution of the Illinois case, Black acknowledges in his brief that he already asked this court for a stay and his motion was denied. His brief implies that he is once again seeking a stay because my order denying his motion to dismiss or stay did not specifically address the issue of a stay. His motion for a stay is again denied.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, a court exercises its judgment to "weigh competing interests and maintain an even balance." *Id*. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. at 255. The Court should also consider the interest of judicial economy. *Asarco LLC v. NL Industries, Inc.*, 2013 WL 943614, at *3 (E.D. Mo. Mar.11, 2013).

Black has failed to make out "a clear case of hardship or inequity" if he is required to go forward. He argues he would be burdened by having to defend

7

against the same claims in multiple jurisdictions, but he has provided nothing to indicate there is any ongoing litigation in the Illinois foreclosure action. I have also already held that the two cases do not actually involve the "same claims," because Illinois law prohibits a personal judgment under a guarantee in an action based on the statutory short form foreclosure complaint, which was the form used in the Illinois foreclosure matter. *See Emerson*, 352 N.E.2d at 50. I will not stay this action simply because Black would prefer to be involved in only one lawsuit at a time.

Furthermore, because Marine Bank cannot bring its guarantee claims in the Illinois foreclosure action, staying proceedings in this court would mean suspending Marine Bank's ability to recover on the guarantees until it is able to file a new claim in the Illinois court. Not only would this delay Marine Bank's ability to seek compensation for money it is clearly owed, this would also mean that the resources Marine Bank spent in pursuing its claims in this court were wasted. Finally, the lack of identity between the two cases means judicial economy would not be advanced by staying this case.

### *Res Judicata*

Black's invocation of res judicata is also misplaced. Three elements must be satisfied for res judicata to bar a subsequent action: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of

8

cause of action exists; and (3) the parties or their privies are identical in both actions. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).³ Only where all three elements are satisfied will the prior action be conclusive as to all issues that were, or might properly have been, raised in that action. *LP XXVI, LLC v. Goldstein*, 811 N.E.2d 286, 288 (2004). Illinois law dictates that separate claims are considered the same cause of action for res judicata purposes if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311, 703 N.E.2d 883, 893 (1998). Therefore, if the claims arise from the same transaction, they are considered to be the same cause of action even if there is not a substantial overlap of evidence. *Id*.

Illinois courts have held that in actions on guarantees, there is no res judicata effect from previous foreclosure and deficiency judgments, and I decline to hold otherwise. *See Emerson*, 352 N.E.2d at 50 ("the entry of a deficiency decree against a principal is not res adjudicata of the guarantor's liability") (internal citation omitted); *Citicorp Sav. of Illinois v. Ascher*, 554 N.E.2d 409, 411 (1990) (res judicata inapplicable where judgment of foreclosure and deficiency did not address defendants' liability for deficiency based on their guaranty); *LP XXVI*, 811 N.E.2d at 288 (judgment of foreclosure did not adjudicate the defendant's rights

---

³ In the Eighth Circuit, res judicata in a diversity action is a question of substantive law controlled by state common law. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015).

9

and liabilities under a guaranty contract, therefore, the doctrine of res judicata did not apply). The Illinois state court action was an in rem proceeding that adjudicated only the foreclosure and deficiency against Bartlow Brothers. It does not bar Marine Bank's claims stemming from the personal guarantees of defendants in this case, which are the result of entirely separate transactions.

### *Amounts Due on the Guarantees*

Finally, I conclude that Black has failed to properly support his blanket assertion that Marine Bank has not sufficiently established the amounts for which defendants are liable under the guarantees. In support of its claims as to the amount of liability, Marine Bank submitted the affidavit of David Ploskonka, a loan documentation officer, describing and explaining the payment history on the notes and his calculation of money owed. Attached to Mr. Ploskonka's affidavit are several documents, which he describes as business records or records created from business records, that demonstrate the payment history of the notes as well as fees associated with the notes and/or guarantees. These documents support his calculations.

In his opposition, Black claims to dispute "the amount of judgment, if any, to which Marine Bank is entitled," but he fails to provide any evidence that might support the existence of a dispute. In fact, Black fails to even specifically name which parts of Marine Bank's calculations he takes issue with. He asserts only that

10

"[t]here is a genuine dispute…as to their calculation and all the items contained therein have not been established in materials on the record." This is not enough to defeat summary judgment. *See Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment").

However, as Black also points out, in its calculation of the amount due on Note 1, Marine Bank included attorneys' fees through November 2014, but failed to support the attorneys' fees with documentation other than Ploskonka's affidavit attesting that this was the amount paid by Marine Bank to its attorneys. Therefore, I will grant Marine Bank's summary judgment motion, including the amounts alleged due and prejudgment interest[4] at the rates asserted, but less the amount of attorneys' fees included in the calculations for Note 1. Marine Bank may submit a separate motion for attorneys' fees in accordance with the terms of the guarantees, as allowed by Fed. R. Civ. P. 54(d)(2) and Local Rule 54-8.02. The motion should be supported by an affidavit from Marine Bank's attorneys attesting to the amount of fees and reasonableness of same.

Accordingly,

---

[4] Post judgment interest is a matter of federal law, not dictated by agreement or contract.

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#44] is **GRANTED** as to defendant Robert Black.

**IT IS FURTHER ORDERED** that plaintiff's motion for final default judgment is **GRANTED** as to defendants Mark Reynolds and Daniel Reynolds.

**IT IS FURTHER ORDERED** that defendants Robert Black, Mark Reynolds and Daniel Reynolds are jointly and severally liable to Marine Bank in the amount of $863,574.34 plus Marine Bank's costs and reasonable attorneys' fees.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is **DENIED** as moot as to defendant H. Wayne Rice.

A separate final judgment is entered this same date.

*signature*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2015.