UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| MARINE BANK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:13 CV 98 CDP |
|  | ) |  |
| H. WAYNE RICE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### MEMORANDUM AND ORDER

Previously in this matter, I granted summary judgment for plaintiff Marine Bank against defendant Robert Black and final default judgment against Mark Reynolds, and Daniel Reynolds. As part of my memorandum and order, I directed Marine Bank to submit a separate motion for attorneys' fees in accordance with the terms of the Unconditional Guarantees signed by defendants and as allowed by Fed. R. Civ. P. 54(d)(2) and Local Rule 54-8.02. Marine Bank has submitted a motion for attorneys' fees and the defendants have not objected to it.

In a diversity action, state law governs the availability of attorneys' fees. *Weitz Co. v. MH Washington*, 631 F.3d 510, 528-29 (8th Cir. 2011). "Under Missouri law, if a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party." *H & R Block Tax Servs. LLC v. Acevedo-Lopez*, No. 12-1320-

CV-W-FJG, 2014 WL 4930646, at *2 (W.D. Mo. Oct. 1, 2014). To calculate the amount of a reasonable attorneys' fees award, Missouri courts begin with the "lodestar," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate in the community. *Machine Maintenance, Inc. v. Generac Power Systems, Inc.*, No. 4:12–cv–793–JCH, 2014 WL 1725833, at *2 (E.D. Mo. April 29, 2014) (citing *Berry v. Volkswagen Group of America, Inc.*, 397 S.W.3d 425, 429 n. 3 (Mo. 2013). In addition to the lodestar, Missouri courts examine several other factors: (1) the nature and character of services rendered; (2) the degree of professional ability required; (3) the nature and importance of the subject matter; (4) the amount involved or the result obtained; and (5) the vigor of the opposition. *Berry*, 397 S.W.3d at 431.

After a review of the evidence submitted in support of Marine Bank's motion, I conclude that the fees charged by Marine Bank's attorneys for purposes of work done in pursuing claims against Black, M. Reynolds, and D. Reynolds are reasonable. However it appears Marine Bank's motion also includes fees charged for work done in pursuing a guarantee claim against former defendant H. Wayne Rice. Prior to my summary judgment order, Marine Bank and Rice submitted a stipulation of dismissal with prejudice of Marine Bank's claim against Rice. The stipulation states each party is to bear its own attorneys' fees. Therefore, to the extent it is indicated that the fees requested in Marine Bank's motion reflect work

performed only in pursuing the guarantee claim against Rice (or settlement of same), they are not recoverable. A review of the attorneys' fees summary attached to Marine Bank's motion indicates fees excluded on this basis total $3695.85.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees [#64] is **GRANTED IN PART**. Defendants Robert Black, Mark Reynolds, and Daniel Reynolds are jointly and severally liable to the plaintiff in the amount of $46,187.55.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2016.